IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| CHRISTOPHER MATTHEW PHILLIPS, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 16-06154-CV-SJ-RK ) ) |
| MICHAEL J LIEFFRING, | ) ) |
| Defendant. | ) |

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**

This case was removed from state court on November 14, 2016. Thereafter, Plaintiff filed a Motion to Remand, which asserts that Defendant's removal of this case was untimely under the federal rules. (Doc. 5.) Defendant opposes the motion. (Doc. 6.) Plaintiff did not file a reply. For the following reasons, the Court concludes that Defendant's removal of this case was timely. Plaintiff's motion is therefore **DENIED**.

**I.     Background**

On April 29, 2016, Plaintiff filed this suit against Defendant in the Circuit Court of Buchanan County, Missouri, alleging a cause of action for negligence arising out of a car accident that occurred between Plaintiff and Defendant. (Doc. 1-1.) Pertinent to the motion to remand, Plaintiff's petition seeks "judgment against Defendant in an amount in excess of $25,000[.]" (*Id.*)

Defendant filed a Notice of Removal on November 14, 2016, based on diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1.) Defendant's Notice of Removal alleges that Plaintiff is a Missouri citizen and that Defendant is a Kansas citizen. Defendant further alleges that the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000, but that he only became aware that the case is removable in November 2016. Defendant reports that he was notified that the case is removable first by an email from Plaintiff's counsel on November 10, 2016, and again on November 11, 2016, when he received Plaintiff's Answers to Defendant's First Interrogatories.

In his motion, Plaintiff contends that Defendant's Notice of Removal is untimely because he failed to file it within the "thirty-day time deadline." (Doc. 5.) As discussed more fully below, the Court rejects this argument and denies the motion to remand.

## II. Standard

"[F]ederal courts are courts of limited jurisdiction." *Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009). Removal statutes are strictly construed against the intrusion on the right of state courts to decide their own controversies, and all doubts about the propriety of removal are resolved in favor of remand. *See City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 76 (1941); *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997). Stemming from the strict construction requirement, the party seeking to invoke the court's jurisdiction bears the burden of establishing federal jurisdiction. *See In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010).

28 U.S.C. § 1441(a) allows an action to be removed if the district court has original jurisdiction. 28 U.S.C. § 1332(a) provides that the district court has original jurisdiction in a civil matter between diverse citizens in which the amount-in-controversy is at least $75,000. Removal is governed by 28 U.S.C. § 1446. "The court's jurisdiction is measured at the time of removal." *Grawitch v. Charter Commc'ns, Inc.*, 750 F.3d 956, 959 (8th Cir. 2014) (citation omitted).

Regarding the timeliness of removal, 28 U.S.C. §1446(b) provides a thirty-day deadline by which a defendant must file a notice of removal. If the case stated by the initial pleading is removable, the running of the removal clock is triggered. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief[.]") The Eighth Circuit has held that the thirty-day deadline is triggered by the initial pleading only when the initial pleading explicitly discloses that an amount in excess of $75,000 is at stake. *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 974 (8th Cir. 2011) (citing *In re Willis*, 228 F.3d 896, 897 (8th Cir. 2000)). If, however, the case stated by the initial pleading is not removable, the running of the removal clock is not triggered until the "receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may

2

first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

## III. Discussion

Here, because Plaintiff's initial pleading demands only an unspecified amount of damages in excess of $25,000, Plaintiff's petition does not trigger the removal clock under Section 1446(b)(1). Therefore, the question is whether Defendant's Notice of Removal was timely filed under Section 1446(b)(3) within thirty days after his receipt "of a copy of an amended pleading, motion, order or other paper" from which Defendant could ascertain that the case seeks damages over the jurisdictional amount-in-controversy. 28 U.S.C. § 1446(b)(3). The Court concludes that it was.

In his response to the Motion to Remand, Defendant states that he first received notice that the amount in controversy in this case exceeds $75,000 in an email from Plaintiff's counsel, dated November 10, 2016. Defendant further states that on November 11, 2016, he received Plaintiff's Answers to Defendant's First Interrogatories to Plaintiff, which state "Plaintiff's damages consist of past and future medical bills and pain and suffering in excess of $75,000." Defendant maintains that he did not know that this case was removable until receipt of the email from Plaintiff's counsel and Plaintiff's discovery responses.

Therefore, if Defendant's receipt of either the email or the discovery responses can be treated as a triggering event under Section 1446(b)(3), Defendant's Notice of Removal was filed well-within the applicable thirty-day deadline. Section 1446(c)(3)(A) expressly states that responses to discovery are to be treated as "other paper" for purposes of Section 1446(b)(3). As such, regardless of whether the earlier email from Plaintiff's counsel can be treated as "other paper," Defendant's Notice of Removal was filed well-within thirty days of his receipt of Plaintiff's discovery responses, which clearly qualifies as "other paper" for purposes of Section 1446(b)(3). Removal of this case was timely; thus, Plaintiff's Motion to Remand will be denied.[1]

---

[1] Although the issue of diversity of citizenship has not been raised, the Court notes that Defendant's Notice of Removal asserts that Defendant is a Kansas citizen, despite that the petition alleges that Defendant is a Missouri citizen. Plaintiff does not contest that Defendant is a Kansas citizen. Because Defendant asserts in his Notice of Removal that he is a citizen of Kansas and because Plaintiff has declined the opportunity to challenge the assertion, the Court finds Defendant's assertion to be sufficient to establish diversity of citizenship. Of course, the Court will reevaluate its jurisdiction if any information to the contrary should emerge.

3

## IV. Conclusion

For the foregoing reasons, Plaintiff's Motion to Remand (doc. 5) is **DENIED.**

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark  
ROSEANN A. KETCHMARK, JUDGE  
UNITED STATES DISTRICT COURT

DATED: January 24, 2017